UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS and THE TRUSTEES THEREOF,**<br><br>Petitioners,<br><br>v.<br><br>**PERFECT CONCRETE CUTTING,**<br><br>Respondent. | **CIVIL ACTION NO. 2:10-1540**<br><br><br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

**OPINION**

      Petitioners New Jersey Building Laborers Statewide Benefit Funds and its Trustees move for an order confirming a January 28, 2010 arbitration award; and Respondent Perfect Concrete Cutting ("Perfect") has made a cross-motion seeking to vacate the arbitration award and to dismiss Petitioners' Petition to Confirm the arbitration award. Respondent puts forward two primary defenses, including: (1) that the collective bargaining agreement ("CBA") between the parties had been terminated in 2004, prior to the January 28, 2010 arbitration, and (2) Respondent's signing the CBA was fraudulently induced. The Court, having considered the Federal Arbitration Act and other legal authority, and the filings, motions and exhibits submitted by the parties, finds that Respondent's asserted defenses have no merit, and, therefore, will order the arbitrator's award confirmed.

**I.    FACTS**

      These parties have an extensive history of prior litigation and arbitration.

      On October 17, 2006, an arbitrator held a hearing to determine if Perfect was in violation of certain Trust Fund Agreements. Perfect did not attend the hearing, and the next day the arbitrator issued a decision requiring Perfect to submit to an audit and to pay $800. On September 14, 2007, Petitioners brought a petition to confirm the arbitrator's award and Respondent made a cross-motion to vacate the award and to dismiss the petition. The arbitrator's award was vacated and the matter *remanded* to the arbitrator. *See N.J. Building Laborers' Statewide Benefits Funds v. Paragon Restoration Corp.*, Civil Action No. 07-4414 (D.N.J. Feb. 9, 2009) (Greenaway, J.).

A second arbitration was heard, respondents, again, did not attend, and the arbitrator issued a decision on January 28, 2010, requiring Respondent to submit to an audit and to pay $750. On March 24, 2010, Petitioners brought a Petition to confirm the arbitration award, and Respondent has cross moved to vacate the award and to dismiss the Petition.

## II.   ANALYSIS

On their face, Petitioners' filings appear to support confirming the arbitrator's decision. It is not disputed that Respondent signed the short form agreement incorporating the CBA. It is not disputed that the CBA has an arbitration provision. It is not disputed that Respondent had due notice of an arbitration held pursuant to the CBA, that the arbitration was held (actually, two such arbitrations), and that Petitioners prevailed (on each occasion).

Respondent argues that it terminated the agreement by letter dated February 28, 2004, effective as of May 1, 2004, so that any arbitration demand made by Petitioner in 2010 was a nullity.[1] Respondent's argument is wholly undeveloped. It does not cite the relevant provisions of the short form agreement or the CBA. It does not explain how any purported termination of the CBA terminates any otherwise ongoing duty to arbitrate in regard to pre-termination activity. Moreover, Respondent's brief cites no law: no statutory law, no case law, no scholarly authority. An undeveloped argument in a brief is waived. *See, e.g.*, *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived). Likewise, Respondent argues that confirmation should be denied because Perfect has no pre-2007 records. Again no legal authority is cited for this proposition and, more importantly, no affidavit or declaration is cited establishing the factual truth of this claim. This argument is insufficiently developed, *id.*, not to mention the fact that the arbitrator's award of $750 would still survive even if the audit required by the CBA (as determined by the arbitrator) is not possible at this time.

Perfect argues that when signing the short form agreement incorporating the CBA, Petitioners' business manager made representations that the agreement only applied to one project – the Nabisco Project – as opposed to all projects during the term of the CBA, wheres as the text of the CBA, apparently, would apply to all projects. Perfect asserts that this misrepresentation is a fraud and hence the agreement and its provision to arbitrate is void. However,

---

[1] Apparently, Respondent waived any statute of limitations defense. *See N.J. Building Laborers' Statewide Benefits Funds v. Paragon Restoration Corp.*, Civil Action No. 07-4414 (D.N.J. Feb. 9, 2009) (Greenaway, J.).

> [t]he [Supreme] Court [has] explained that if the arbitration clause itself was claimed to be fraudulently induced, the court could decide the matter. [*See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 403-04 (1967)]. "We hold, therefore, that in passing upon ... [an] application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Id.* at 404. "So, for example, a challenge based on fraud in the inducement of the whole contract (including the arbitration clause) is for the arbitrator, while a challenge based on the lack of mutuality of the arbitration clause would be for the court." *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 868 (7th Cir. 1985) (citation omitted).

*Sandvik AB v. Advent Intern. Corp.*, 220 F.3d 99, 105 (3d Cir. 2000). Here Respondent's challenge goes to the scope, not of the arbitration provision or its validity, but to the scope of the contract as a whole, what projects it covered and what period of time it covered. Such disputes, including a fraudulent inducement claim (albeit Respondent characterizes its claim as fraud in the execution), are for the arbitrator. *See, e.g.*, *Down to Earth Landscaping v. New Jersey Bldg. Laborers Dist. Council Local 595*, Civil No. 06-578, 2006 WL 1373169 (D.N.J. May 17, 2006). Thus, the arbitrator properly heard this action.

      Finally, Respondent Perfect asserts that it had no opportunity to present the arbitrator with its argument that it had been induced to enter the short form agreement through the alleged misrepresentation. But no support is put forward for this position. The brief fails to explain why Perfect failed to attend the hearing, or why Perfect believes that the arbitrator would have been unable or unwilling to hear the merits of Perfect's misrepresentation or fraud argument. Here too, no legal authority[2] is cited for this proposition and, more importantly, no affidavit or declaration is cited establishing the factual truth of this claim. This undeveloped argument is also waived. *See Clay*, 253 F.3d at 1002 n.1.

---

[2] Respondent's brief cites a single case: *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). But the brief provides no pin-point cite or other clue as to how this case supports Respondent's position.

### III. CONCLUSION

For the reasons elaborated above, the Court **GRANTS** Petitioners' Petition, confirms the award of the arbitrator, and **DENIES** all relief sought by Respondent.

|  |  |
|---|---|
| **DATE: June 2, 2010** | s/ William J. Martini<br>**William J. Martini, U.S.D.J.** |